[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED FEBRUARY 6, 1997
The two plaintiffs, Conco Medical Company and Conco Medical Products Corp., move to strike the third-party complaint filed by the four defendants who are Zimmer and Zimmer, P.C., James M. Alber, Stephen F. Borowy and Alissa R. Heilbrunn. The plaintiffs claim the following: (1) the defendants improperly filed the third-party complaint after a default for failure to plead had been entered against them, (2) the first count of the third-party complaint is legally insufficient because an apportionment claim is inapplicable to a claim for breach of contract, (3) the second count is legally insufficient because the third-party defendant, Peter T. Moore, is an intentional tortfeasor and (4) the rules of proportionate liability do not apply to claims for commercial losses. The court concludes that the apportionment statute, Gen. Stat. § 52-572h(c), does not apply to actions seeking compensation for financial losses where the "damage to property" is unaccompanied by physical damage to or loss of use of tangible property. The court grants the motion on the fourth ground.
Conco Medical Company and Conco Medical Products Corp. seek to recover approximately $2.1 million that was embezzled by a former employee, Peter T. Moore. They have sued an accounting firm and three accountants who are principals or employees of the firm. The plaintiffs claim that Moore's defalcations would have been discovered had the defendants properly performed their contracts with the plaintiffs in accordance with the standard of care that applies to accountants. In the first count of their complaint, the plaintiffs allege that the defendants breached their contracts with the plaintiffs by negligently providing accounting services to the plaintiffs. In the second count, the plaintiffs allege that the defendants neglected to use the degree of care, skill and competence reasonably expected of persons engaged in the accounting profession under similar circumstances. CT Page 1884
The defendants have served a third-party complaint on Peter T. Moore.[1] In their complaint, the defendants allege that the financial losses suffered by Conco Medical Company and Conco Medical Products Corp. were caused by the negligence of Peter T. Moore. For relief, the defendants request that Moore's negligence be apportioned under the provisions of General Statutes § 52-572h. This statute provides, in part, that "each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of . . . damages."
The plaintiffs argue the defendants improperly filed the apportionment complaint because the court previously entered a default against the defendants for failure to plead. Since the court (Maiocco, J.) opened the default on October 15, 1996, a default is no longer an impediment to the defendants.
The plaintiffs next argue that the first count of the third-party complaint does not set forth a legal basis for apportionment of liability since the first count is based on a breach of contract. Section 52-572h applies to negligence actions, not contract actions. In the first count, the plaintiffs allege the defendants failed to provide suitable accounting services. The plaintiffs allege that the defendants agreed to meet the requisite standard of care and thereafter failed to meet the standard. While the defendants' duty to follow the standard of care is based on a contractual relation. ship, the gravamen of the claim is negligence. The mere characterization of the first count as a contract claim is not a basis for striking the defendants' apportionment complaint.
The plaintiffs argue the second count is legally insufficient because the defendants are improperly requesting the trier of fact to apportion fault among negligent tortfeasors and an intentional tortfeasor. Apportionment claims under General Statutes § 52-572h are only applicable to negligence actions. See Gen. Stat. § 52-572h(c). While the defendants argue contract claims and negligence claims can be mixed together for the purpose of apportioning liability, the defendants' interpretation of the apportionment statute is incorrect. The trier of fact of an apportionment claim is concerned with percentages of negligence. See Gen. Stat. § 52-572h(d), (f, and (g). If the defendants are in fact requesting an apportionment between negligent and intentional wrongdoers, the apportionment claim is improper. CT Page 1885
The defendants allege in their third-party complaint that Moore was negligent. At this stage of the court proceedings, the court must consider the defendants' factual allegations as true. The plaintiffs acknowledge this rule of procedure but argue that the court "should take exception in this instance by allowing Plaintiffs to go beyond the four corners of Defendants' pleading and argue that Moore's conduct was in fact non-negligent."[2]
The court declines to do so. In ruling on a motion to strike, the court must construe the facts most favorably to the side that has drafted the complaint subject to the motion to strike. NovametrixMedical Systems v. BOC Group, Inc. 224 Conn. 210, 214-15,618 A.2d 25 (1992).
Finally, the plaintiffs argue that the third-party complaint must be stricken because the apportionment rules set forth in General Statutes § 52-572h(c) are inapplicable to claims for commercial losses.[3] The plaintiffs' argument is based on the Supreme Court's decision in Williams Ford, Inc. v. HartfordCourant, Co., 232 Conn. 559 (1995). The defendants contend the Williams case is inapposite.
In Williams, the defendant argued that the comparative negligence statute, § 52-572h(b), did not apply to purely commercial losses. Section 52-572h(b) eliminated the bar of contributory negligence in favor of comparative negligence for "damages resulting from personal injury, wrongful death or damage to property." The Supreme Court concluded that the phrase "damage to property," as used in § 52-572h(b), did not include "commercial losses unaccompanied by physical damage to or loss of use of tangible property." Id. at 584. In light of its interpretation of the phrase "damage to property," the Supreme Court determined that the comparative negligence statute, § 52-572h, did not apply to negligence actions where only commercial losses are sustained. The court held, however, as a matter of common law, that the policy of the statute applies to such actions. Id. at 586.
Subsection (c) of § 52-572h provides that rules of proportionate liability apply "[i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property . . ." There appears to be no reason why the meaning given to the phrase "damage to property" in § 52-572h(c) should be different than the meaning given to the same phrase in § 52-572h(b). Thus, this court concludes that the apportionment CT Page 1886 statute does not apply to actions seeking compensation for financial losses where the "damage to property" is unaccompanied by physical damage to or loss of use of tangible property. Since the defendants have not argued that the policy of the apportionment statute should apply as a matter of common law, the court does not address this issue. The defendants seek to apportion losses resulting from "certain acts of embezzlement by Moore."[4] Because the plaintiffs have failed to allege that property losses were accompanied by "physical damage to or loss of use of tangible property," Section 52-572h(c) does not apply.
The motion to strike the third-party complaint is granted.
THIM, J.